IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NGUYEN VU | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN E. WETZEL, et al. | : | No. 14-5691 |

## MEMORANDUM ORDER

**DITTER, J.**                                                                                               May 10, 2016

Upon consideration of the petition for a writ of *habeas corpus*, the Commonwealth's Response, the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells, and Petitioner's objections, I make the following findings and reach the following conclusions:

1. Petitioner Nguyen Vu filed a petition for writ of *habeas corpus* on October 6, 2014, attacking his 2008 conviction for aggravated assault, criminal mischief and possession of an instrument of crime.  On September 30, 2015, Judge Wells issued a Report and Recommendation concluding that Vu's petition should be dismissed and denied because his claims were either procedurally defaulted or meritless.  Vu has filed objections arguing that he is entitled to a review on the merits of claims one, two, four, five, six and seven because (1) ineffective assistance of counsel establishes cause for his procedural default; and (2) there is new, reliable evidence of actual innocence.  He also contends that Judge Wells erroneously determined that claims three and eight were without merit.

2. Vu argues that Judge Wells erred in concluding that he had not established "cause" in order to excuse his procedural default for claims one, two, four, five, six, and seven in state court.  In support thereof, he contends that counsel on both direct and collateral appeal were ineffective for failing to preserve his claims for federal *habeas* review, thus establishing "cause" for his failure to properly present his claims to the state court.  If Vu's state procedural default were to be excused, it would open the door for review of his claims on the merits by a federal *habeas* court.

3. A federal court, absent unusual circumstances, should not entertain a petition for writ of *habeas corpus* unless the petitioner has first satisfied the exhaustion requirement of 28 U.S.C. § 2254. A petitioner typically exhausts his federal claims by fairly presenting each claim at each stage of the state's established review process. *Villot v. Varner*, 373 F.3d 327, 337 (3d Cir. 2004). Vu did not present claims one, two, four, five, six or seven for complete review by the Pennsylvania courts. In legal terms, Vu is considered to have procedurally defaulted his claims because state procedural rules bar him from seeking further relief in state courts. *Keller v. Larkins*, 251 F.3d 408, 415 (3d Cir. 2001). The principal exception to this general rule precluding federal review of *habeas* claims that have been procedurally defaulted is for petitioners who can show "cause and prejudice" for the procedural default or that a "miscarriage of justice" will occur absent review. *Hubbard v. Pinchak*, 378 F.3d 333, 338 (3d Cir. 2004). The Supreme Court has delineated what constitutes "cause" for the procedural default: the petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Werts v. Vaughn,* 228 F.3d 178, 192-93 (3d Cir. 2000) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). With regard to the prejudice requirement, the *habeas* petitioner must prove "'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* at 193 (citing *Carrier*, 477 U.S. at 494). This standard essentially requires the petitioner to show he was denied "fundamental fairness" at trial. *Id.*

4. To the extent that Vu argues that his default is due to counsel's failure to properly present his claims on direct appeal, such a claim must fail. A claim of ineffective assistance of counsel constitutes "cause" for procedural default only if the claim was presented to the state courts independently prior to its use to establish cause. *Edwards v. Carpenter*, 529 U.S. 446, 451-453 (2000). In the instant case, the state court never entertained the claims that counsel was ineffective for failing to present claims one, two, four, five, six and seven on direct appeal.[1] Consequently, ineffective

---

[1] The only claim of ineffective assistance of counsel which was properly exhausted in the state court is Vu's claim that trial counsel was ineffective with regard to the entry of his jury waiver. Judge Wells addressed a variant of this claim on the merits in claim three where she found that the state court's conclusion that Vu's waiver of his right to a jury trial was made

      assistance of counsel on direct appeal cannot constitute "cause" for his default.

5.     Vu also argues that ineffective assistance of counsel on collateral review, or in his case, upon PCRA review, can be a basis upon which to establish cause in order to excuse his procedural default. *See* Pet'r Obj. at 19; *Martinez v. Ryan*, 566 U.S. - , 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). As Judge Wells pointed out, however, Vu's reliance on *Martinez* is misplaced. In general, the Constitution does not dictate a standard of attorney effectiveness in a post-conviction, collateral attack. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). While the Supreme Court held that certain deficiencies in representation on collateral appeal may provide the opportunity for *habeas* review in the context of procedural default, this case does not set forth the criteria to establish cause on these grounds. In *Martinez*, the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, [i.e., a collateral proceeding that provides the first occasion for a defendant to raise a claim that trial counsel was ineffective,] a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. Vu has not presented any claims of ineffective assistance of counsel, thus he cannot claim that ineffective assistance of PCRA counsel is cause for his procedural default.[2]

6.     In the alternative, if the petitioner fails to demonstrate cause and prejudice for the default, the federal court may also consider a defaulted claim if the petitioner can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 748. In order to satisfy the fundamental miscarriage of justice exception, the Supreme Court requires that the petitioner show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray v. Carrier,* 477 U.S. 478, 496 (1986)). To satisfy the "actual innocence" standard, a

---

knowingly, intelligently and voluntarily was reasonable.

   [2] Claims one, four, six and seven allege due process violations; claim two is based on violations of *Brady v. Maryland,* 373 U.S. 83 (1963); and claim five sets forth an allegation that Vu's Confrontation Clause rights were violated.

       petitioner must show that, in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 327.

7. Vu has also failed to establish a miscarriage of justice because he has not set forth new evidence establishing his actual innocence. Petitioner's allegations of "new" evidence of actual innocence include trial exhibits and certain information allegedly requested by defense counsel prior to trial and never provided to Vu.[3] *See* Pet'r Obj. at 3-4, 7, 21-22. This evidence is not new. It was known prior to and at the time of Vu's 2008 trial. Consequently, it cannot constitute "new" evidence of actual innocence.

8. As in his other objections, Vu's argument regarding the denial of claims three and eight on their merits simply rehashes the arguments he presented to, and which were rejected by, Judge Wells. The Report and Recommendation provides a well reasoned analysis of the facts and law. Consequently, I find no reason to re-litigate these issues.

Therefore, **I HEREBY ORDER** that:

1. Petitioner's objections to the Report and Recommendation are overruled.

2. The Report and Recommendation is **APPROVED and ADOPTED**.

3. The petition for a writ of *habeas corpus* is **DENIED WITH PREJUDICE**.

4. There is no probable cause to issue a certificate of appealability.

5. The Clerk of Court shall mark this case closed for statistical purposes.

                                                 /s J. William Ditter, Jr.
                                                 J. WILLIAM DITTER, JR., J.

---

[3] This information includes an itemized repair estimate of the victim's car; information regarding the victim's handgun and gun permit; and photographs of the victim's car.