IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED JUN 15 2016

| | | |
|---|---|---|
| NGUYEN VU | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN E. WETZEL, et al. | : | No. 14-5691 |

## MEMORANDUM AND ORDER

AND NOW, this 15th day of June, 2016, upon consideration of the motion for relief from judgment filed by Nguyen Vu pursuant to Federal Rule of Civil Procedure 59(e) (Doc. No. 73), I make the following findings and reach the following conclusions:

1. In 2008, Vu was convicted in the Philadelphia Court of Common Pleas of aggravated assault, criminal mischief and possession of an instrument of crime. Vu filed a timely federal *pro se* petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254. On May 10, 2016, I denied Vu's *habeas* petition after approving and adopting the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells and overruling Vu's objections thereto.[1]

2. On June 9, 2016, Vu filed the instant Rule 59(e) motion to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e). He contends that my decision to deny his *habeas* claims was contrary to the record and based on an unreasonable determination of the facts as well as errors of law.

3. Vu is not entitled to relief under Rule 59(e). In discussing the standard of relief under Rule 59(e), the Third Circuit Court of Appeals has stated:

> The scope of a motion for reconsideration, we have held, is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). "Accordingly, a judgment may be

ENTERED
JUN 15 2016
CLERK OF COURT

---

[1] I also concluded that there was no basis for the issuance of a certificate of appealability.

> altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [denied the petition for writ of *habeas corpus*]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (quotation marks omitted).

*Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).

4. Here, Vu's Rule 59(e) motion must be denied because it is an attempt to relitigate his habeas petition. He does not point to an intervening change in the controlling law or any new evidence. To the extent that Vu attempts to point to a "clear error of law" that would compel reconsideration, I find that he merely sets forth the same arguments presented, and rejected, in his original *habeas* petition.

5. Vu's arguments to amend or alter judgment are unpersuasive. Because he has not presented any evidence of an error of law or misapplication of law to the facts which would lead me to vacate that decision, his Rule 59(e) motion is without merit.

As a result, **I HEREBY ORDER** that the motion for relief pursuant to Federal Rule of Civil Procedure 59(e) is **DENIED**.

/s/ J. William Ditter, Jr.
J. WILLIAM DITTER, JR., J.